JOHN J. H. JONES, Plaintiff in Error, *v.* JAMES M. STEELE,. Defendant in Error.

1. *Practice—Infant.*—Where an infant sues without procuring the appointment of a " next friend," as required by the statute, the defendant may take advantage of the defect by demurrer or by answer; unless he do so the defect is waived, (R. C. 1855, p. 1231, § 10,) and the defendant cannot move in arrest of judgment. (R. C. 1855, p. 1255, § 19.)

2. *Practice—Amendment.*—After a judgment in favor of an infant plaintiff without the appointment of a " next friend," at the commencement of the suit, the court may upon his application appoint a next friend, and approve ₒhis bond, that the money recovered be secured to the infant.

Jones v. Steele.

*Error to Louisiana Court of Common Pleas.*

*Dyer*, for defendant in error.

*Campbell & Hesser*, for plaintiff in error.

Though it may be true that at the time of suit brought the plaintiff had not complied with the provisions of the statute, yet the defendant could not take advantage of the omission or defect by motion in arrest. The objection was not taken at the proper time and in the proper way. (Woods et al. v. The State of Mo., 10 Mo. 698.) The defendant should have raised that issue by plea in abatement or answer, and that is the only way it could be done. (Schermerhorn v. Jenkins, 7 Johns. 373.) A defendant cannot move in arrest for anything which might have been pleaded in abatement. (2 Black. 1120.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff, who is a minor, brought his suit in the Louisiana Court of Common Pleas against the defendant, and obtained a verdict in his favor. In the caption of his petition he purported to sue by his next friend; the defendant filed his answer to the merits, and went to trial. After the rendition of the verdict by the jury, the defendant moved the court to arrest the judgment, because no next friend had been appointed for the plaintiff by the clerk or court, as required by statute. The plaintiff then presented his petition to the court, praying the appointment of a next friend (the same person who purported to act as such in the caption of the petition) accompanied with the written acceptance and bond of the proposed next friend.

The court overruled the application and declined to make the appointment, and then arrested the judgment.

The first error assigned in this cause is the action of the court in sustaining the motion in arrest of judgment, and the second is refusing the application of plaintiff to have a next friend appointed. The defect in the petition was ap-

parent upon its face; the caption forms no part of it. To have made it regular, there should have been a substantive averment or allegation that an appointment of next friend was duly made in the mode pointed out by law; and in the omission of such averment, the petition was demurable. The defendant also had his election to raise the objection by answer, if he saw fit to do so. But when he did not avail himself of his privilege, either by demurrer or answer, he is deemed by our statute to have waived all objections, excepting only the objection to the jurisdiction of the court over the subject matter, and that the petition does not state facts sufficient to constitute a cause of action. (2 R. C. 1855, p. 1231, § 10.)

Our law is very liberal in upholding proceedings in favor of infants where they derive a benefit therefrom. By the statute of Jeofails (R. C. 1855, p. 1255, § 19) it is enacted that " where a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed," &c., by reason of " any party under twenty-one years of age having appeared by attorney, if the verdict or judgment be for him." The court should have appointed the next friend for the plaintiff when the application was made, and approved the bond, in order that her responsibility to the plaintiff for the money recovered in the suit might have been secured.

The judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace not sitting, having been of counsel.