SUSIE MAY MABE, a Minor, by Her Next Friend, GEORGE J. MABE, Respondent, v. THE GILLE MANUFACTURING COMPANY, Appellant.*

Kansas City Court of Appeals. February 9, 1925.

1. **INFANTS: Next Friend: Question Whether Next Friend for Minor Plaintiff Legally Appointed Could be Raised Either by Demurrer or Answer.** Question whether next friend, in prosecution of suit for personal injuries to minor plaintiff, was legally appointed as such, could be properly raised either by demurrer or answer.

2. ———: ———: **Appointment of Next Friend to Prosecute Suit for Minor, Made by Clerk Instead of Court, Held Legal.** Appointment of next friend to prosecute suit for minor plaintiff made by clerk, *held* legal under sections 1165 and 1166, Revised Statutes 1919, where petition for appointment and consent to act were under the seal of court, the appointment being only a preliminary matter, ministerial and not judicial in character, and being for the benefit and protection of infant's rights.

3. ———: ———: **Appointment of Next Friend Not Illegal Because Acknowledgment of Consent Executed Before Notary Public Instead of Judge or Clerk of Court.** Under section 1167, Revised Statutes 1919, appointment of next friend for minor *held* not illegal because acknowledgment of consent of next friend was executed before a notary public instead of judge or clerk of court, where procedure was presented in evidence and accepted by court.

4. **NEGLIGENCE: Master and Servant: Unguarded Machinery: Machine Held to Require Guarding Within Meaning of Statute.** A punch press, consisting of a die, bolted firmly on a bed plate or table, into a hole in which a cylindrical plunger or punch descends from above by means of mechanical power, the movement thereof being controlled by a treadle, *held* such a machine as to require guarding within section 6786, Revised Statutes 1919.

5. ———: ———: ———: **Whether Machine Could Have Been Guarded Without Interfering With Its Operation Held for Jury.** Whether machine could have been guarded without interfering with its efficient operation was for the jury.

6. ———: ———: ———: **Term "Guard," as Used in Statute Requiring Machinery to be Guarded, Defined.** Under section 6786, Revised

Mabe v. Gille Mfg. Co.

Statutes 1919, requiring certain machinery to be guarded, the term "guard" as used therein is of general significance, and its application is to be determined from the character of the machine and the nature of the peril to be avoided.

7. ———: Contributory Negligence Held for Jury. The issue of contributory negligence is for the jury, unless the danger is so apparent and certain that an ordinarily prudent person would not encounter it.

8. ———: Whether Employee Guilty of Contributory Negligence Held for Jury. In action for injuries to employee, received while operating punch press, question of her contributory negligence *held* for jury.

9. Unguarded Machinery: Statute Protects Employees Momentarily Engrossed in Their Work. Section 6786, Revised Statutes 1919, requiring certain machinery to be guarded, was enacted to protect those who, in the performance of their duties, were not required to place their fingers within the danger zone, but also those who might become momentarily engrossed in their work, or from lapse of memory, or inattention, place themselves in position to be injured.

10. NEGLIGENCE: To be Actionable Must be Proximate Cause of Injury. To be actionable, negligence of defendant must have been the proximate cause of the injury.

11. ———: Intervening Cause Not Shown. Evidence that plaintiff did not know how accident occurred is not proof of an intervening cause.

12. ———: Whether Proximate Cause of Plaintiff's Injuries Held for Jury. Whether negligence of defendant was proximate cause of injuries received by employee *held* for jury.

13. MASTER AND SERVANT: Servant Does Not Assume Risk from Negligence of Master. Servant does not assume risk arising from the negligence of the master.

14. ———: In Action Based upon Violation of Statute the Doctrine of Assumption of Risk Does Not Apply. In an action based upon violation of section 6876, Revised Statutes 1919, relating to guarding of dangerous machinery, the doctrine of assumption of risk does not apply.

15. INSTRUCTIONS: Refusal to Withdraw from Jury Testimony as to Defendant's Failure to Post Warning Notices of Danger of Unguarded Machinery Held Not Error. Refusal to give instruction

withdrawing from jury testimony as to defendant's failure to post warning notices of danger of unguarded machinery *held* not error, where defense was that guarding of machinery was not practicable under section 6786, Revised Statutes 1919, requiring such notices in case of failure to guard dangerous machinery.

16. ———: Instruction Not Erroneous as Assuming Facts. An instruction is not erroneous as assuming facts, where language used which defendant claims assumed facts were followed by words "if you so find," "if so," or "if you further find."

17. ———: Any Defect in Instruction Because of Assuming Facts Cured by Other Instruction. Giving of instruction that court did not mean to assume as true any matters mentioned or referred to in instructions, but left them to jury for determination, *held* to cure any defect in instruction charged to have assumed facts.

18. ———: Error in Instruction on Measure of Damages as Being too General, Held Waived Where Defendant Did Not Request Instruction With Reference Thereto. Error in instruction on measure of damages because it was too general, *held* waived where defendant requested no instruction with reference thereto.

19. ———: Defendant May Waive Right to Complain of Instruction on Measure of Damages Through Omitting to Request Limiting Instruction. Defendant may waive right to complain of instruction on measure of damages through omitting to request a limiting instruction, if instruction complained of is sufficient in its general scope and contains no elements of misdirection.

20. APPEAL AND ERROR: Damages: Appellate Courts May Order Reduction in Amount of Unliquidated Damages. Appellate courts are authorized to order reduction in amount of unliquidated damages.

21. ———: ———: Finding of Jury and Discretion of Trial Judge Must Have Great Weight with Appellate Court. In determining whether verdict is excessive, finding of jury and discretion of trial judge, while not binding on appellate court, must have great weight with it.

22. DAMAGES: Verdict for $7500 to Girl Eighteen Years of Age for Loss of Three Fingers from Right Hand Held Not Excessive. A verdict for $7500 awarded girl eighteen years of age for loss of three fingers from right hand *held* not excessive.

*Corpus Juris-Cyc. References; Appeal and Error, 3 C. J., p. 853, n. 27; p. 854, n. 32; 4 C. J., p. 836, n. 74; p. 871, n. 6; p. 1139, n. 78. Dam-

ages, 17 C. J., p. 1104, n. 53.  Infants, 31 C. J., p. 1123, n. 26, 27; p. 1129, n. 64; p. 1138, n. 43.  Master and Servant, 39 C. J., p. 408, n. 61; p. 410, n. 73; p. 411, n. 85; p. 692, n. 6; p. 701, n. 82; p. 1151, n. 69, 71; p. 1173, n. 49; p. 1206, n. 85.  Negligence, 29 Cyc., p. 488, n. 29; p. 626, n. 25; p. 640, n. 13.  Trial, 38 Cyc., p. 1663, n. 28; p. 1786, n. 97.

Appeal from the Circuit Court of Jackson County.—*Hon. Allen C. Southern,* Judge.

AFFIRMED.

*John D. Wendorff* for appellant.

*Louis R. Weiss* and *John E. Connors* for respondent.

ARNOLD, J.—This is an action for damages for personal injuries.  Plaintiff is a married woman, and at the time of the alleged injury, was eighteen years of age.  Defendant is a corporation engaged in the manufacture of tin cans and allied products, with its plant located at Kansas City, Missouri.

Plaintiff entered the employ of defendant about three or four days, or a week, prior to the occurrence of the alleged injury, and was put to work packing cans, that is to say, putting them in boxes or similar duties in respect to the cans.  On the morning of February 13, 1922, she was taken off the work at which she had been engaged and placed in the operation of what is known as a Waesk Punch Press, in connection with which her duties were to cut discs about one and three-fourths inches in diameter from cardboard about one foot in width, cut or torn from a spool or roll located on the left side of the punch machine.

The essential parts of the machine consist of a die, or piece of metal in which there is a round hole corresponding in diameter to that of the disc to be cut, bolted firmly on a bed plate, or table, in dimensions about nine by eighteen and one-half inches.  Into this hole a cylindrical plunger or punch descends from above by means

of mechanical power fitting the hole in the die, so as to cut any object that might be placed over the hole or die. The movement of this plunger was controlled in its descent by means of a treadle, or trip, which set the machinery in motion, and caused the plunger to descend. The plunger, after performing the cut, without further control by the operator, ascended by the action of the machinery to a position above the die and there remained until the treadle again released the plunger, in a repetition of the operation.

The method employed in the process was for the operator to place the cardboard at its extreme right and over the hole in the die, then release the treadle or trip which sets the machine in motion, causing the plunger to descend and then ascend to its former position, where it remains stationary. The operator then adjusts the cardboard to another position from left to right, the process being repeated as often as a disc was cut. The cut disc fell through a hole through the die, and there was no further action required of the operator or the machine to accomplish the removal of the completed disc.

It is in evidence that when plaintiff was placed in charge of the machine, she was instructed briefly by the foreman as to its operation, and was warned that if her hands or fingers came in contact with the die, she would be injured, and plaintiff testified that she was aware of the danger. The evidence further shows that it was not necessary for plaintiff to place her hands or fingers near the die in the operation of the machine; that the use of of her hands was required only in adjusting the cardboard to the proper position each time a disc was cut; that the treadle was released by the foot, and mechanical power then operated the machine.

On the day plaintiff was put in charge of the machine, and had operated it for four or five hours, following the noon luncheon, she again took her place at the machine and started it in operation. In some way, unknown to plaintiff, her right hand came in contact with the plunger in its descent and the second, third and

fourth fingers of her hand were mangled so that amputation was necessary, and plaintiff was left with only the thumb and first finger of that hand capable of any useful function.

The first amended petition alleges necessary formal matters and the negligence charge is "that plaintiff was an inexperienced employee, which defendant knew, or by the exercise of ordinary care would have known, and that it was defendant's duty to have warned her of the dangers connected with the use and operation of said cutting machine, and to have instructed her how to protect herself from injury while operating said machine but defendant, wholly disregarding its duty to plaintiff, negligently failed to warn her of the dangers in connection with the use of said machine or to sufficiently instruct her in the operation of said machine and how to protect herself from injury.

"Plaintiff further alleges that said cutting machine or press was dangerous to persons employed about the same while engaged in their ordinary duties, which defendant knew or by the exercise of ordinary care could have known, and it was the duty of defendant to have equipped said cutting machine with a guard; that said machine could have been safely guarded, and that defendant negligently failed to equip said machine with a guard as provided by statute, or post a notice of its danger conspicuously; that said negligent acts and omissions by defendant, herein set forth, operated severally and concurrently in directly producing the injuries to plaintiff," etc.

The first amended answer specifically denies that George J. Mabe was legally appointed and qualified as next friend of plaintiff. This allegation in the answer is followed by a general denial. The answer also pleads contributory negligence and assumption of risk. Plaintiff replied to this answer by general denial. With the issues thus made the cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of

$7500. Motions for new trial and in arrest of judgment were unavailing and defendant appeals.

The first point urged by appellant is that the court erred in not directing a finding for defendant for the reason that George J. Mabe was not legally appointed next friend to plaintiff.

The testimony shows that George J. Mabe was plaintiff's husband, having been married to her prior to the alleged injury. The steps incident to his appointment as next friend are set out in the record and consist (1) of a petition filed March 3, 1922, signed by Susie May Mabe, stating that she is a minor of the age of eighteen years; that she was injured on February 13, 1922, in the plant of defendant and that she desires to prosecute an action in damages against said defendant, on account of said injuries, and requests that her husband George J. Mabe be appointed next friend for said purpose; (2) consent in writing of George J. Mabe to act as next friend for the purpose indicated in the petition, and signed by Geo. J. Mabe; (3) acknowledgment by George J. Mabe that he signed the consent in writing, sworn to on March 3, 1922, before a notary public in and for Jackson County, Mo.; (4) filing notation as of May term, 1922, Jackson County Circuit Court; and (5) the certificate of the clerk of the circuit court of Jackson County, Mo., as follows:

"I do hereby appoint George J. Mabe next friend of Susie May Mabe, to institute and prosecute suit against said Gille Manufacturing Company as by statute in such cases made and provided.

"W. H. HARPER, CLERK
" By D. W. PARKER, Deputy."

The answer denies that George J. Mabe was, in fact, legally appointed next friend of plaintiff, thus putting the question in issue. It is insisted that when alleged by petition and denied by answer, the appointment must be proved as is any other disputed material issue in the case. In support of the legality of said appointment, plaintiff introduced in evidence the proceedings above

set out.  It is the position of defendant that the consent in writing of next friend must either be acknowledged before the court or some proof of consent must be presented to, and be acted upon by, the court, and that the mere filing of what purports to be an affidavit sworn to before a notary public is not competent evidence where consent to the appointment is specifically denied.

The statutes which control in this situation are Sections 1165-66, 67, Revised Statutes 1919. Section 1165 provides that suits by infants may be commenced by guardian or curator, or by next friend appointed for him in such suit.  Section 1166, that the appointment of a next friend for an infant shall be made by the court in which the suit is intended to be brought, or by a judge or clerk thereof; and section 1167 provides "such appointment shall be made on the petition in writing of such infant, if of the age of fourteen years, and the written consent of the person proposed to be next friend to such infant acknowledged before, or proved to the court or officer making the appointment."

Plaintiff declares the question was not properly raised by answer, but we think the question could have been properly raised either by demurrer or answer. [Brewer v. Cary, 148 Mo. App. 193, 197 S. W. 685; Jones v. Steele, 36 Mo. 325; Casler v. Chase, 160 Mo. 418, 60 S. W. 1040.]  Defendant seems to base his contention that the clerk is not authorized to make the appointment except in vacation upon the second annotation under section 1166, Revised Statutes 1919, citing the case of Johnson v. Railway, 259 Mo. 534, 168 S. W. 713, as follows: "The appointment in vacation of the clerk of a next friend for a minor is preliminary to a suit about to be instituted."

In the Johnson case, as in the case at bar, the appointment of a next friend was challenged because it was made by the clerk instead of the court, and it was argued the statute was unconstitutional because it delegated to the clerk judicial authority.  The statute was upheld and it was further held that the appointment of a

next friend is only a preliminary matter, ministerial and not judicial in character. The appointment of a next friend is for the benefit and protection of the infant's rights. In a number of cases the Supreme Court has held that the appearance of an infant plaintiff in court without a guardian or next friend will not close the doors of the court against him, but will impose a duty on the court to appoint a guardian to represent him. [Cochran v. Thomas, 131 Mo. 275; Jones v. Steele, 36 Mo. 324; Holton v. Towner, 81 Mo. 360.]

This court said in Hanlin v. Meat Co., 74 Mo. App. 462, 1. c. 466:

"Following these cases we hold that the court acquired jurisdiction over the infant plaintiff and his cause and became charged with the duty on the discovery of his minority of appointing a next friend to represent him. Further we may add that the Statute of Jeofails (Sec. 2119, Rev. Stat. 1909) contemplates that such jurisdiction may be acquired without literal compliance with the statute relating to the appointment of a next friend. The seventh clause provides that no judgment recovered by an infant shall be reversed or impaired because the plaintiff appeared by attorney and not by next friend or guardian."

We think the appointment of George J. Mabe as next friend was legal, under the provisions of Section 1166, as above stated, wherein it is provided that the appointment may be made by the judge or clerk of the court. There is no clause in the statute limiting the authority of the clerk to make such appointment to vacation period of the court. The petition for the appointment of Geo. J. Mabe and the consent to act were under the seal of the court. As to the point raised that the acknowledgment of consent of the next friend, being executed before a notary public instead of the judge or clerk of the court, is not within the requirements of the statute, we need only call attention to section 1167, supra, which requires consent to be "acknowledged before, or proved to the court making the appointment." Here

the procedure was presented in evidence and accepted by the court. There is no merit in defendant's contention in this respect.

The next point presented is that the court erred in failing to give defendant's peremptory instruction in the nature of a demurrer, offered at the close of plaintiff's case and again at the close of all the evidence. Plaintiff's case was instituted and tried upon the theory that the machine was not guarded, though it might have been, and that no notice of warning was conspicuously posted, as required by section 6786, Revised Statutes 1919. The part of said statute to which the question applies is as follows:

"The belting, shafting, machines, machinery, gearing and drums in all manufacturing, mechanical and other establishments . . . when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

It is admitted that the machine was not guarded and that notice of danger was not posted. Defendant insists that the statute does not require the guarding of every machine and that only "machines in manufacturing . . . establishments when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible."

There was substantial testimony to the effect that the machine could have been guarded. The only point to be determined, therefore, is whether or not the machine was such as to require guarding within the meaning of the statute. We have almost a counterpart of the case at bar in Corry v. Manufacturing Co., 193 Mo. App. 77, the machine in question being a punch press, though it was operated by foot power, and plaintiff's hand got between the dies and was injured. The court held in that case that the statute applied whether the machine was

operated by foot or machine power. Defendant attempts to make a distinction between a "machine" as used in the statute, and a simple tool. In the Corry case the court held the punch press was a machine within the meaning of the statute, although it was operated by foot power alone, and that it should have been guarded. We see in the case at bar a much stronger case for plaintiff than was presented in the Corry case.

It is insisted by defendant that the machine could not have been guarded without interfering with its efficient operation. The evidence tends to show that a simple guard could have been placed on the machine which would have prevented the accident in suit. It is clear the statute is intended to cover all appliances, machines, machinery in manufacturing plants and to extend protection to persons working at and with the machines, and also those who are engaged in duties which necessitate their working in, around and about the machinery while it is in operation. [Austin v. Shoe Co., 176 Mo. App. 546.]

The testimony tends to show that although the machine could not have been completely housed, or covered, without seriously interfering with its operation, yet it could have been equipped with a simple device which would have secured the operator from injury, and this would have met the requirements of the statute. The term "guard" is of general significance, and its application is to be determined from the character of the machine and the nature of the peril to be avoided. [See also Hughes v. Contracting Co., 188 Mo. App. 549; Lore v. Manufacturing Co., 160 Mo. 608; Millsap v. Beggs, 122 Mo. App. 1.] We hold there was no error in the action of the court in refusing defendant's instructions in the nature of demurrers.

The next question for our consideration is that of contributory negligence, defendant charging that plaintiff was guilty of such contributory negligence as to bar recovery as a matter of law; that section 6786, Revised Statutes 1919, requires certain machinery to be

guarded, but does not change the law of contributory negligence, and that plaintiff's contributory negligence would bar her recovery, regardless of whether defendant was guilty of negligence in not guarding the machine.

It may be remarked that the issue of contributory negligence is for the jury, unless the danger is so apparent and certain that an ordinarily prudent person would not encounter it. [Stafford v. Adams, 113 Mo. App. 717, 88 S. W. 1130.] The facts and circumstances were before the jury and the question of contributory negligence was properly left to their wise discretion.

Defendant insists the press could be operated without placing the fingers under the die. However, we conceive that the statute was enacted to protect those who, in the performance of their duties, were not required to place their fingers within the danger zone, but also those who might become momentarily engrossed in their work, or from lapse of memory, or inattention place themselves in position to be injured. [Hughes v. Contr. Co. (supra), 188 Mo. App. 549; Tatum v. Crescent Lumber Co., 201 Mo. App. 97, l. c. 104; Simpson v. Iron Works, 249 Mo. 376; Brashears v. Iron Co., 171 Mo. App. 513.] As is said in the Hughes case (supra) l. c. 558; "If the statute is not needed for the protection of the careful and will not be enforced for the benefit of the negligent it is wholly vain and useless." And in the Brashears case, supra, it is said:

"If plaintiff's conduct is to be judged by the same standard of what constitutes contributory negligence required prior to and in absence of the statute, section 7828, requiring such machinery to be safely guarded or notice of danger to be posted, then it would be hard to distinguish this case from the line of cases holding such conduct to be contributory negligence as a matter of law."

Under these authorities, we must hold plaintiff was not guilty of contributory negligence as a matter of law.

It is further argued that the negligence of defendant, if any, was not the proximate cause of plaintiff's injury. Of course there is no argument on the proposi-

tion that to be actionable, the negligence of defendant must have been the proximate cause of the injury. Plaintiff properly contends there is no evidence of an intervening cause. Plaintiff testified she did not know how the accident occurred, but this is not proof of an intervening cause. It is only where two or more possible causes exist that the question of proximate cause arises. In Lyman v. Dale, 156 Mo. App. 427, l. c. 430, the court said:

"It is hard to give a definition of proximate cause that will fit every case. About all that can be done is to define it in general terms, and then the application must be made under the facts of each particular case when it arises. The St. Louis Court of Appeals, speaking through Judge Goode, in the case of Lawrence v. Ice Co., 119 Mo. App. 316, page 328, 93 S. W. 897, defines proximate cause as follows:

"As used in judicial decisions the term signifies a breach of duty to a person, followed by injury to him, either as the direct result of the dereliction or through its constructive consequences, and subject to the condition that there must have been sufficient probability of the breach proving detrimental instead of innocent, that, in reason, blame for the injury may fairly be imputed to the wrongdoer.' "

We rule against defendant on this point.

The question of assumption of risk enters the case in defendant's charge that the court erred in overruling defendant's demurrer because plaintiff assumed the risk, for the reason that in performing her work the risk of injury was open and obvious and known to her.

In defining risks that are assumed, the Supreme Court in Harbacek v. Fulton Iron Works, 287 Mo. 479, l. c. 492, quotes from Johnson v. Brick & Coal Co., 276 Mo. l. c. 53, to this effect: "Such risks are purely incidental to the employment, and is such an injury as is liable to occur at any time during the performance of the work undertaken, unaided in any degree by the negligence of the employer." Of course it cannot be contend-

ed that the servant assumes the risk arising from the negligence of the master; nor does the doctrine of assumption of risk apply to a case where the action is based upon the violation of a statute, as here. [Hall v. Brown, 259 S. W. 1. c. 874; Butz v. Murch Bros. Const. Co., 199 Mo. 1. c. 286; Phillips v. Shoe Co., 178 Mo. App. 1. c. 208; Gray v. Coal & Coke Co., 175 Mo. 421.]

It is urged the court erred in refusing to give defendant's instruction "C" which sought to withdraw from the consideration of the jury all of the testimony with reference to defendant's failure to post warning notices. We think this contention is without merit. The cause was submitted to the jury upon the issue of failure to guard the machinery. The statute provides for warning notices in case of failure to guard dangerous machinery. Failure to guard was admitted, but the defense was that the guarding of the machinery was not practicable. Therefore the absence of posted notice was strong evidence that the machinery could be guarded, and it was, doubtless, upon this theory that the court refused to give the instruction. [Millsap v. Beggs, 122 Mo. App. 1. c. 6; Miniea v. Cooperage Co., 175 Mo. App. 91; Roundtree v. Cement Co., 156 Mo. App. 679.] The instruction was properly refused.

It is charged that plaintiff's instruction No. 1 is erroneous for the reason that it assumes facts which plaintiff was required to prove. The instruction is long and will not be set out herein. Suffice it to say that a careful reading thereof fails to show that it is open to the objection stated. Defendant sets out the instruction in full in its brief, and italicizes the points which it claims assumes facts where were matters of proof. In each instance the instruction uses the words "if you so find," "if so," or "if you further find." These expressions purge the instruction of any charge of the character alleged. Further, as a possible matter of precaution, the court gave plaintiff's instruction No. 3, which could leave no doubt in the minds of the jury that no disputed facts were to be assumed. Instruction No. 3 reads as follows:

"You are further instructed that the court does not mean to assume as true or established any of the matters mentioned or referred to in the instructions, but leaves you to determine from the evidence whether or not such matters have been established as facts by the evidence."

This instruction cured any possible defects in instruction No. 1 in the respect charged. [McAnany v. Shipley, 196 S. W. 378.]

Instruction No. 2 on the measure of damages is attacked on the ground that it is erroneous because it is too general and gave the jury "a roving commission to enter the realms of speculation." The part of the instruction against which this charge is aimed is as follows: ". . . if you find the issues in favor of plaintiff, then you will assess her damages at such sum as you believe and find from the evidence will reasonably and fairly compensate her for such injuries, if any, as you believe and find from the evidence directly resulted to her by reason of the negligence of defendant."

It is defendant's contention that the instruction should have set out the various elements of damages for which she was entitled to recover. There is no error pointed out other than its generality. There is no charge of misdirection. Defendant requested no instruction on the measure of damages. The rule is that defendant may waive the right to complain of an instruction on the measure of damages through omitting to request a limiting instruction, if the instruction complained of is sufficient in its general scope and contains no elements of misdirection. [Reeves v. Luts, 179 Mo. App. 61, and cases therein cited; Haymaker et al. v. Adams, 61 Mo. App. 585; Smith v. Maderacke, 259 S. W. 88.]

Finally it is charged that the verdict is excessive. Appellate courts are authorized to order a reduction in the amount of unliquidated damages. The finding of the jury and the discretion of the trial judge, while not binding on this court, must have great weight with us. The court and jury saw the maimed hand. It must be conceded that the loss of three fingers from the right

hand is most serious and will necessarily be a permanent impairment to plaintiff's activities in the functioning of that hand. The cases in this State are numerous where, for apparently lesser injuries, judgments for larger amounts have been undisturbed by appellate courts. We are not warranted in disturbing the finding of the jury in this respect.

For the reasons above stated, the judgment is affirmed.

All concur.