The judgment is reversed and the cause remanded.

WESTHUES and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

LEEDY and ELLISON, JJ., concur.

TIPTON, P. J., dissents.

Adopted as the opinion of the court en Banc.

LEEDY, Acting C. J., DALTON, HOLLINGSWORTH HYDE, ELLISON, JJ., and ANDERSON, Special Judge, concur.

**STATE of Missouri, Respondent,**

**v.**

**Evelyn HARTMAN, Appellant.**

**No. 44020.**

Supreme Court of Missouri.

Division No. 2.

Sept. 13, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied Nov. 8, 1954.

Morris A. Shenker, Sidney M. Glazer, Mark M. Hennelly, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

LEEDY, Judge.

Evelyn Hartman appeals from a judgment of the Circuit Court of the City of St. Louis convicting her of obtaining property by means of a false and bogus check, and sentencing her to two years' imprisonment in the penitentiary, as fixed by the verdict of the jury. The offense is a felony under Section 561.450 RSMo 1949, V.A.M.S.

This is a companion case to State v. Hartman, Mo.Sup., 273 S.W.2d 198 in

which prior case Evelyn's conviction for a like offense (and three-year sentence) was affirmed. The informations in the two cases are counterparts, and, except for unimportant details, the facts and circumstances surrounding the transactions out of which the two prosecutions arose are identical. Here, as there, the defendant is shown to have gone into the place of business of the prosecuting witness (Spaeth, who conducted a liquor store), made a purchase of merchandise (a fifth of liquor and a carton of cigarettes), in payment of which she tendered the $35.92 check here involved. Except that the latter purports to have been signed by "William Redard" (instead of William Buacere) and dated March 15, 1951 (instead of March 1), it is an exact duplicate of that set out in the opinion in the other case, to which reference is made for a complete description, as well as a more detailed outline of the pattern of defendant's operations in victimizing shopkeepers. The resulting transfer, negotiation and delivery of such check by Evelyn to Spaeth netted her $5.80 in merchandise and the balance, $30.12, in cash. The state made the same abundant showing as in the other case with respect to the falsity and utter worthlessness of the check, the non-existence of "Nora Redman" and "William Redard" as employes of the shoe company, etc.

On this appeal defendant raises the following questions: (1) That of the sufficiency of the evidence; (2) That the state's principal instruction was erroneous; (3) That the verdict was fatally defective; (4) That the information was bad for duplicity, and otherwise fatally defective, even after verdict; (5) That certain evidence (in relation to like transactions between defendant and other persons allegedly victimized by her) was not admissible on the issue of intent; (6) That defendant's counsel was unduly restricted in his closing argument; and (7) That state's instruction No. 6 was erroneous.

These precise questions (except that in relation to instruction No. 6) were raised, fully considered and determined in the prior case, and upon identical facts. It would not be possible to have two cases more nearly alike, defendant's present allegations of error, authorities and argument being, for the most part, literal reproductions of those appearing in her brief in the other case, paragraph after paragraph—if not page after page—exactly coinciding. To the extent that the present submission presents no new point, and because we are satisfied with our former decision, it would be repetitious and serve no useful purpose to again develop the contentions, and restate our conclusions. We adhere to the holdings in the companion case, which are controlling on all points now urged (except the one next to be discussed), and the reader is therefore referred to that opinion as expressing our views, and as decisive of the points just mentioned.

The point not previously considered is the attack upon instruction No. 6, a very short one, which told the jury that "the court does not mean for you to assume as true or established any of the matters mentioned or referred to in the instructions, but leaves you to determine from the evidence whether or not such matters have been established as facts by the evidence." The complaint is that the instruction is confusing and misleading because telling the jury "they are not to consider as true the court's instructions as to defendant's presumption of innocence, the state's burden of proof, and the degree of proof required of the state. * * * In other words, this instruction does not clearly refer to instruction No. 2, the verdict-directing instruction." We find no support for this position in either of defendant's cited cases, State v. Hostetter, Mo., 222 S.W. 750, 753, and State v. Pinkard, 318 Mo. 751, 760, 300 S.W. 748, 752. Use of the word "facts" instead of "matters" in the two places where the latter appears would doubtless have forestalled the present complaint and more clearly expressed the rather obvious intent and purpose of the instruction. All the instructions are to be read together and as a whole, and one of them, No. 5, told the jury that they were to be "governed by the evidence as you understand it and re-

member. it to be, and by the law as given by the court. in these instructions,", etc. We do not believe a jury of average intelligence. would construe the questioned instruction as meaning that it is the jury's function and duty to determine from the evidence whether or not such matters as the presumption of innocence, burden of proof, credibility of witnesses, etc., as declared by the court in other instructions, "have been established as facts by the evidence." While the use of the word "matters" was perhaps inept, we are not disposed to view it as rendering the instruction prejudicially erroneous.

The portions of the record proper other than those directly under attack and adversely determined in the companion case have been examined, but we find no reversible error therein. The judgment should be, and it is, affirmed.

DEW and STONE, Special Judges, concur.