Geraldine **GREENWOOD**, by and through her next friend, Edward Greenwood, Plaintiff-Appellant,

v.

James Ray **WISEMAN** et al., Defendants-Respondents.

No. 46085.

Supreme Court of Missouri, Division No. 1.

Oct. 14, 1957.

J. W. Grossenheider, Lebanon, for appellant.

Robert G. Oberlander, Irving Kuraner, Kuraner, Freeman, Kuraner & Oberlander, Kansas City, for respondents.

HOLMAN, Commissioner.

Harry O'Neil Greenwood was killed on December 15, 1955, when the automobile in which he was riding collided with a Pontiac car being driven by one Murray DeFrain, at a point in Jackson County, Missouri, where Missouri Highway 7 intersects with U. S. Highway 50. DeFrain and another occupant of his car were also killed. Plaintiff, the widow of Greenwood, instituted this action against the administrator of the estate of DeFrain and James Ray Wiseman, the driver of the car in which her husband was a passenger, to recover damages in the sum of $25,000 for the alleged wrongful death of her deceased husband. Prior to trial plaintiff settled with the defendant administrator for the sum of $12,000 and the action was dismissed as to him. A jury trial resulted in a verdict in favor of the remaining defendant, James Ray Wiseman. Plaintiff has duly appealed from the ensuing judgment. We have a'

pellate jurisdiction since the amount in dispute is $13,000.

The only questions presented upon this appeal relate to the instructions. Plaintiff contends that the court prejudicially erred in giving Instructions Nos. 8 and 9 at the request of defendant.

Instruction No. 8 reads as follows: "You are further instructed that the court does not mean to assume as true or established any of the matters mentioned or referred to in the instructions, but leaves you to determine from the evidence whether or not such matters have been established as facts by the evidence." In her attack on that instruction plaintiff says that it permitted the jury to conclude that the law, as well as the hypothesized facts contained in the instructions, need not be followed. More specifically, plaintiff complains of the effect of the instant instruction, when considered in connection with plaintiff's Instruction No. 2, which told the jury, in effect, to find for plaintiff if defendant Wiseman was guilty of negligence, whether such negligence was greater or less than the negligence, if any, of DeFrain and that it was no defense for Wiseman that the negligence of DeFrain may have concurred with his negligence in causing the collision and resulting death of Greenwood.

Since there was evidence that DeFrain "ran" a stop sign in entering the intersection in question and hence might have been considered by the jury as more negligent than Wiseman, plaintiff indicates that she relied heavily upon Instruction No. 2 in order to forestall a verdict based upon the question as to which of the drivers was more negligent than the other. She argues that Instruction No. 8 was a potent weapon in the hands of the defendant to nullify the effect of Instruction No. 2, since it permitted the jury to disregard that instruction and decide the case upon the issue as to which driver was more negligent. Followed to its logical conclusion, plaintiff's position must be said to be that the instruction complained of would authorize the jury to disregard all other instructions given by the court and decide the case upon any standard the jury might choose to follow.

We have concluded that plaintiff's contentions are without merit and that the trial court did not prejudicially err in giving Instruction No. 8. An identical instruction was attacked by the appellant in the case of Jackson v. City of Malden, Mo.App., 72 S.W.2d 850, upon the ground that it was purely abstract. Without any extended discussion the court ruled that the giving of the instruction had not been reversible error. Substantially the same instruction was also considered in the recent case of State v. Hartman, Mo., 272 S.W.2d 276, 277. Therein the complaint of defendant was that "the instruction is confusing and misleading because telling the jury 'they are not to consider as true the court's instructions as to defendant's presumption of innocence, the state's burden of proof, and the degree of proof required of the state.'" In disposing of that contention the court stated: "Use of the word 'facts' instead of 'matters' in the two places where the latter appears would doubtless have forestalled the present complaint and more clearly expressed the rather obvious intent and purpose of the instruction. * * * We do not believe a jury of average intelligence would construe the questioned instruction as meaning that it is the jury's function and duty to determine from the evidence whether or not such matters as the presumption of innocence, burden of proof, credibility of witnesses, etc., as declared by the court in other instructions, 'have been established as facts by the evidence.' While the use of the word 'matters' was perhaps inept, we are not disposed to view it as rendering the instruction prejudicially erroneous."

In the cases hereafter cited the instruction under consideration was given by the court and no complaint in regard thereto was made by appellant. Mabe v. Gille Mfg. Co., 219 Mo.App. 234, 271 S.W. 1023; Ogilvie v. Kansas City Public Service Co., Mo.App., 27 S.W.2d 733; Mastin v. Emery,

Bird, Thayer Dry Goods Co., 236 Mo.App. 487, 140 S.W.2d 720; Allen v. Purvis, Mo. App., 30 S.W.2d 196; Ziervogel v. Royal Packing Co., Mo.App., 225 S.W.2d 798. Those cases are of interest, however, because that instruction is set out in each opinion and referred to by the court, with approval, as tending to negative the contention of appellant that another instruction was erroneous as assuming the truth of disputed facts.

We cannot believe that a jury of average intelligence could read Instruction No. 8 together with the other instructions and understand it to mean that the other nine instructions could be disregarded. It is difficult to conceive of jurors concluding that the trial court would give them nine carefully worded, detailed, and specific instructions to guide them in the performance of their duties and then give another instruction advising them that they could disregard those instructions and, in effect, decide the case as if no instructions had been given. While we wish to reiterate the suggestion contained in the Hartman case that the instruction could be improved by substituting the word "facts" for "matters" in the two places where the latter appears, we are convinced that the giving of Instruction No. 8 in the instant case was not prejudicial error.

We will next consider plaintiff's assignment that the court erred in giving Instruction No. 9, which reads as follows: "The court instructs the jury that in no event is the plaintiff entitled to recover for grief or for the loss of the society and companionship of her husband, and you are instructed that if you should find the issues in favor of the plaintiff and against the defendant then plaintiff is entitled to recover only for the pecuniary loss, if any, which you may find she has sustained on account of the death of her husband, and in arriving at her pecuniary loss, if any, you shall take into account and deduct from the amount of such loss, if any, the $12,000.00 which she has heretofore received on account of said death, and the court instructs

you that if plaintiff's pecuniary loss does not exceed the $12,000 which she has heretofore received, then irrespective of all other considerations, your verdict must be for the defendant."

It is first said that in giving that instruction the court unduly emphasized the fact that plaintiff had been paid the sum of $12,000 as compensation for the death of her husband. In this connection it is pointed out that plaintiff's measure of damage Instruction No. 4 contained the following: " * * * but you are further instructed that plaintiff has already been paid the sum of $12,000 and that you must deduct the sum of $12,000 from the amount of your verdict in this case."

■ The matter of repetition or the elaboration of the same subject matter in an instruction is generally considered to be within the trial court's discretion and is not ordinarily held to be reversible error where not so considered by the trial court. Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449; Reidinger v. Adams, Mo.Sup., 266 S.W.2d 610.

We do not regard Instruction No. 9 as being unduly repetitious in the respect complained of. It was supplementary to Instruction No. 4, in that it contained matters not included in Instruction No. 4 and upon which defendant was entitled to an instruction. Specifically, it will be noted that Instruction No. 4 did not direct the jury as to the verdict it should return in the event it concluded that plaintiff's pecuniary loss did not exceed the $12,000 she had received. It was proper that the jury be instructed in regard to that contingency and that was accomplished by the instruction complained of. We rule this point against plaintiff.

Plaintiff's second point in support of her contention that error was committed in the giving of Instruction No. 9 is that there was no evidence to support the submission of that part of the instruction which permitted the jury to find that plaintiff's pecuniary

loss did not exceed $12,000. In regard to the evidence, it is said that the mortality table showed the life expectancy of plaintiff to be 58.63 years and that of her deceased husband to be 50.25 years. Plaintiff also points to the fact that the only evidence as to her pecuniary loss was her testimony that decedent gave her $600 per year for her support. It is therefore argued that the uncontradicted evidence would support a judgment for the $25,000 sued for and there was no evidence to indicate that she should recover less than that amount.

■ It has been repeatedly held that the jury has an extraordinarily wide discretion in determining the amount to be awarded as compensation in a wrongful death case. Combs v. Combs, Mo.Sup., 284 S.W.2d 423. The verdicts vary greatly upon similar facts. In determining the amount of its verdict the jury was not required to accept the figures testified to by plaintiff, even though her evidence was not contradicted, and hence it could have found that plaintiff's pecuniary loss did not exceed $12,000. "The sufficiency of the evidence to support the verdict in defendant's favor is not an open question in this court; therefore we need not concern ourselves about what the evidence showed in that regard. The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached." Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559. It

would seem that the question before us is somewhat analogous to that existing in the cases wherein it is held that a converse instruction may be given at the request of a defendant even though there is no affirmative testimony supporting it. Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461.

■ Since the jury in the exercise of its broad discretion was authorized to conclude that the pecuniary loss in this case did not exceed $12,000, it necessarily follows that the court did not err in instructing it as to the verdict that should be returned in that event.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.