**Elliott MALLETT (Plaintiff), Appellant,**

**v.**

**ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation (Defendant), Respondent.**

**No. 46097.**

Supreme Court of Missouri,
Division No. 1.

Dec. 9, 1957.

Motion for Rehearing or to Transfer to
Court en Banc Denied Jan. 13, 1958.

Thomas, Busse, Weiss, Cullen, & Godfrey, James E. Godfrey, St. Louis, for appellant.

Lester F. Stephens, St. Louis, for respondent.

HYDE, Judge.

Action for $35,000 damages for personal injuries. Verdict and judgment for defendant and plaintiff has appealed. The question for decision is whether the court erred in giving Instruction No. 5 authorizing a verdict for defendant on contributory negligence.

Plaintiff was injured in falling while getting out of the rear door of defendant's bus. His case was submitted as a res ipsa loquitur case. Plaintiff was employed as a cook and went to work mornings on defendant's St. Louis Avenue bus to Grand Avenue, where he would transfer to another bus. The St. Louis Avenue bus was equipped with a new type of pushout double doors (operated by the passengers) and plaintiff was familiar with their operation, having "rode" this bus "ever since the doors had been like that." At Grand Avenue, plaintiff got up to get off at the rear exit doors, carrying a pair of shoes under his right arm. Plaintiff was the the first passenger to get off through these doors. It was necessary for the operator to release the doors before a passenger could push them open and when they were released a light came on over the doors. Plaintiff said: "I pushed the door when the light came on and attempted to step off the bus, stepped down from the platform to the step and then one foot out, I turned the door loose, the other one was on the bottom step of the bus. When I turned it loose the door hit me with unusual force in the left side— the east side of the door. * * * It knocked me to the sidewalk in a sitting position." Plaintiff also said he pushed the left door with his left hand; that "I later stepped down to the sidewalk on one foot, I was holding on one door at that time, because I was half off"; that "when I went to make my second step I turned the doors loose"; and that the left door hit his left hip but the right door did not touch him as he was "kind of sideways away from the right one." He further stated that the doors "seemed to be quicker and come back quicker or harder" than usual. He knew the doors would return when he released them and he did release them before he was clear of the doors.

Defendant's evidence was that this was a new safety type of door it was trying on a few of its buses and that about half of the

new buses then being made were equipped with these doors. The two doors were geared together so they opened and closed at the same time. When the operator released the door lock, the brakes on the bus were automatically set and the accelerator locked so that the bus could not move until the doors were closed. During that time the operator had no control over the operation of the door and the alighting passenger had full control. The doors were closed by a spring exerting three pounds pressure and this pressure never changed. There was an air buffer cylinder, which slowed the operation of the spring, and prevented the doors from slamming or closing too quickly; and this could be adjusted so the doors would close slower or faster. The air buffer takes hold when the doors are half-way shut and at that time the space between them would not be sufficient for a person to stand between them. It, of course, required a little more than three pounds pressure on the doors to open them or hold them open. Defendant demonstrated the operation of the doors to the jury by moving pictures and by having the jury inspect the same bus from which plaintiff fell.

The res ipsa instruction, No. 1, given at plaintiff's request, submitted that "the left panel of the rear doors of said motorbus suddenly and unexpectedly closed and struck plaintiff" and that this caused him to fall, telling the jury they could infer negligence from these facts. At defendant's request the court gave a converse instruction, No. 4, authorizing a verdict for defendant if the jury found "the left panel of the rear doors of the motorbus mentioned in the evidence did not suddenly and unexpectedly close and strike plaintiff, and that plaintiff was not caused to fall to the ground by reason thereof."

The court also gave, at defendant's request, Instruction No. 5, which was as follows: "The Court instructs the jury that under the law of this State the plaintiff, Elliott Mallett, was bound to exercise ordinary care for his own safety at the time and place mentioned in the evidence, that is, such care as an ordinary prudent person would exercise under the same or similar circumstances. You are further instructed that if you find and believe from the evidence that plaintiff, Elliott Mallett, signaled the operator of the eastbound bus mentioned in the evidence that he wanted to alight at Grand Avenue, and that said bus came to a stop in the bus stop zone·on the west side of Grand Avenue, and that after said bus came to a stop the operator released the locking mechanism on the exit doors, and that thereafter plaintiff pushed with separate left and right hands against each left and right door respectively opening the doors outwardly as he moved forward, and that plaintiff then stepped to the sidewalk with his right foot, and that he then released the right door, and that thereafter while stepping down with his left foot he released the left door at a time when his body was still in the path of said door, and *if you find that plaintiff was familiar with the operation of said doors and knew or, in the exercise of ordinary care, should have known that when he released said door it would close when no one pushed upon them or held them open, and if you find that plaintiff could have stepped clear of the path of said door before releasing it but failed so to do,* and if you find that in so doing and in so failing plaintiff failed to exercise ordinary care for his own safety and was negligent, and if you find that such act and such failure, if you so find, directly contributed to his injuries, if any, then you should find plaintiff, Elliott Mallett, guilty of contributory negligence and *he cannot recover herein* and your verdict must be in favor of the defendant, and this is so even though you find that the defendant was negligent under Instruction No. 1." (Plaintiff's emphasis.)

 Plaintiff says the italicised part of Instruction 5 "placed upon the plaintiff a duty to anticipate that the doors would close 'quicker and harder' on the occasion in question." However, plaintiff *overlooks the fact*

shown by his own evidence that the doors did not come back until he released them; and all the evidence shows that the doors would not have come back at all if plaintiff had not released them. Plaintiff also says this instruction failed to hypothesize all the necessary elements of a verdict directing instruction, making the following argument: "The paramount factual issue of the case hinged upon the manner in which the exit doors closed. Plaintiff contended the doors closed 'quicker and harder' on the morning in question; defendant by inference, attempted to establish that the doors operated in a normal fashion. This issue was not presented to the jury for determination in Instruction No. 5; in its stead was substituted the plaintiff's knowledge concerning the operation of the doors." This argument amounts to a contention that the jury must be required to find that defendant was not negligent before it could find plaintiff was guilty of contributory negligence. Certainly this is not the law and plaintiff must be confusing sole negligence with contributory negligence. (See Rembusch v. Prebe, 358 Mo. 409, 215 S.W.2d 433.) Whether the doors closed "quicker and harder" on that occasion may have been the paramount issue in determining defendant's negligence but not in determining plaintiff's contributory negligence. The paramount issue there was whether plaintiff, having complete control of the doors, knew they would close when he released them and with such knowledge did release them before he stepped clear when he could have done so before releasing them. We think Instruction No. 5 adequately presents this issue.

Plaintiff cites and relies on Winston v. Kansas City Public Service Co., Mo. Sup., 249 S.W.2d 377, 379, in which a contributory negligence instruction was held erroneous. The main difference between that case and this, and the reason it is not applicable here, is that there, although the bus doors could work automatically when a passenger stood on the treadle of the step, the doors did not always close automatically. Instead the doors "could be closed manually and independently of the automatic device", because there was "an 'emergency switch' or button whereby the operator can switch the control of the rear door over to the door-control lever and thereby control the closing of the rear door independently of the action of the automatic treadle-step control." We said therein: "Obviously plaintiff, assuming she knew the rear door could be manually or automatically closed, could not have known whether the door would be automatically closed when her weight was taken off the step, or whether the door would be manually closed at the will of the operator by using the emergency switch and the manual control." Therefore, the instruction therein was erroneous in authorizing a finding of contributory negligence on the premise that plaintiff knew her action in taking her weight off her foot would close the door. In this case, the evidence was that plaintiff had complete control of the door; that it could not be closed by the operator; and that it would not close until plaintiff released it. We, therefore, hold there was no error in giving Instruction 5 herein. Obviously plaintiff's further complaint that the verdict of the jury "is conclusively against the probative facts" is without merit. Plaintiff's argument seems to be that his testimony about the action of the door and the cause and manner of his fall was conclusive on the jury. However, plaintiff had the burden of proof and the credibility, weight and value of his testimony was for the jury. (Greenwood v. Wiseman, Mo.Sup., 305 S.W.2d 474, Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558.) This would be true if the defendant had offered no evidence; but here the jury had before it the physical facts personally observed about the door and its operation as well as the testimony of defendant's employees about it.

The judgment is affirmed.

All concur.