Chester R. MARTIN, Respondent,

v.

STAR COOLER CORPORATION, Employer, and Bituminous Casualty Corporation, Insurer, Appellants.

No. 34383.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 1, 1972.

Quinn & Quinn, by James E. Heckel, St. Louis, for respondent.

Graff & Lahey, St. Louis, for employer & insurer.

Frank J. Iuen, Jefferson City, for Industrial Commission.

CLEMENS, Judge.

The employer and insurer appeal from the circuit court's affirmance of a $17,076 award to plaintiff for the accidental, partial amputation of his right hand. The appealing defendants level a four-fold challenge to the Commission's award. We reverse and remand.

Plaintiff worked at a "press brake," a machine that molds metal slabs between a stationary die at the bottom and a moveable ram at the top. The machine is activated by stepping on a treadle which caus-

es the ram to come down onto the bottom die with great force. While standing near the machine plaintiff stepped backward and tripped on the foot treadle; he started to fall and grabbed the bottom die. The tripping activated the ram downward against the bottom die, catching plaintiff's right hand between the ram and the die. The blow cut off all of plaintiff's little, ring and middle fingers and all but a stub of his index finger; his thumb was unharmed.

*One Hundred Ten Per Cent Award for Loss of Use of Plaintiff's Hand.* By a two-to-one vote the Industrial Commission awarded plaintiff 110 per cent permanent partial disability of his right hand. This, on the basis of § 287.190(2)[1] which declares "if the disability suffered in any of items 1 through 28 of the schedule of losses is *total by reason of* severance or *complete loss of use thereof* the number of weeks of compensation allowed in the schedule for such disability shall be increased by ten per cent." (Our emphasis).

Defendants first contend there was no substantial evidence to support that part of the award applying the ten per cent increase in compensation. If there was not, we must reverse. Article V, Section 22, Mo.Const.; Cowick v. Gibbs Beauty Supplies, Mo.App., 430 S.W.2d 626 [1, 2].

Plaintiff testified he has recurring swelling at the stubs of his four fingers and aching in his hand, the only grasp he has is between his thumb and the stub of his index finger and he cannot use tools with his right hand. Seven months after the amputation plaintiff resumed his work, some on the same press brake. He testified he can use his right hand "as a prop" and for "pushing or prying tools." At the hearing plaintiff showed the referee how he could write with a pen held between his thumb and the stub of his right forefinger. He admitted writing a legible letter to his employer, introduced in evidence. The medical report of plaintiff's physician rated his disability as 95 per cent of the right hand; that of defendants' physician at 85 to 90 per cent.

Reverting to the quoted statute we note it applies to disability that is total by reason of *complete loss of use* of the hand. Our research finds only one interpretation of that precise term. In Richter v. Schuett, 314 Ill. 127, 145 N.E. 402, plaintiff lost four fingers but not his thumb. The trial court found plaintiff "had sustained the permanent and complete loss of the use of his left hand." In reversing the award the court ruled: "While the incapacity to use need not be tantamount to an actual severance of the hand, yet to sustain a judgment for the complete loss of the use of the hand the evidence must show that the normal use of the hand has been entirely taken away."

While recognizing the grievous injury to plaintiff's hand and the marked diminution of its use, we cannot find evidence to support the Commission's finding that there was a complete loss of use of plaintiff's hand. Plaintiff's evidence is to the contrary. To the extent the award allowed the additional ten per cent of compensation for plaintiff's right hand, as distinguished from the severed fingers, the award cannot stand. Compare Smith v. National Lead Co., Mo.App., 228 S.W.2d 407 [5], where an award was set aside for want of evidentiary support.

*Permanent Partial Loss of Forearm.* Defendants also challenge the Commission's award of compensation based on 25 per cent permanent and partial loss of plaintiff's right forearm. The only evidence tending to support this is found in the medical report of plaintiff's physician. He wrote that plaintiff complained of recurring aching in his hand and "sometimes the pain extends as far as his elbow." The doctor measured plaintiff's forearm and found the right was ⅝ of an inch smaller than the left. The doctor did not mention

1. Statutory references are to RSMo., 1969, V.A.M.S.

plaintiff's right forearm in his diagnosis, conclusions or disability rating. There was no evidence plaintiff's right forearm was injured. At the referee's hearing plaintiff made no complaint about his forearm, nor did the referee state he had examined it. There was no showing of a causal relationship between the accident and any condition of plaintiff's forearm nor is there any evidence of permanency. Viewing this evidence in a light most favorable to plaintiff we find no substantial evidence to support the Commission's finding of 25 per cent permanent and partial disability to plaintiff's right forearm arising from the accident. To the extent the award made this allowance it cannot stand. Compare Garrison v. U. S. Cartridge Co., Mo.App., 197 S.W.2d 675 [2–4], declaring a claimant's evidence must show a causal connection and permanency.

*Disfigurement.* Defendants also object to that part of the award allowing plaintiff $2,000 for disfigurement, based on § 287.-190, subd. 4. That section provides that when a normally exposed part of the body is permanently disfigured the Commission may allow such additional sum as it deems just, "based upon the handicap suffered by the injured employee in obtaining employment." Defendants point to evidence plaintiff is doing essentially the same work as before the accident and hence there was no evidence he suffered a handicap in obtaining employment. Perhaps plaintiff has not yet suffered such a handicap beyond the 30-week healing period but as a 28-year-old ninth grade dropout, experienced only as a factory worker and truck driver, his employment potential will for years to come probably be based more on his brawn than his intellect.

 In Reineman v. Larkin, 222 Mo. 156, 121 S.W. 307, it was said courts take judicial notice of facts commonly known to all mankind. This, said Judge Lamm, was "because courts should not admit themselves more ignorant than the rest of mankind." In Feinberg v. Pfeiffer Co., Mo. App., 322 S.W.2d 163 [6–8], we took judi-

cial notice of a clerical worker's decreased earning power in old age, and in Hamm v. Metropolitan Life Insurance Co., 237 Mo. App. 12, 166 S.W.2d 324 [3, 4], we held it was common knowledge that manual labor by a person whose physical condition is below normal would be harmful to him. Here, we judicially know a relatively uneducated and unskilled working man with only part of his major hand remaining is at a disadvantage in the labor market. Merely to see plaintiff's mutilated hand is to know that. The Commission has legislatively bestowed authority in a case like this to allow such additional sum "as it may deem just." Just as a jury may make an award for damages a plaintiff is reasonably certain to sustain in the future, the Commission of necessity may take into account the probable future effect of an employee's disfigurement. We deny defendants' point that there was no substantial evidence to support the award for disfigurement.

 *Penalty for Dangerous Machinery.* We must also turn down defendants' last objection. The award included the 15 per cent penalty imposed by § 287.120, subd. 4, in cases where the injury is caused by an employer's failure to comply with Missouri statutes. The so-called Factory Act, § 292.020, requires that when machines are dangerous to persons employed thereat the machines must be safely guarded whenever possible. Here the foot treadle over which plaintiff tripped extended outward from the press brake at floor level. The pressure thus applied activated the machine and caused the ram to slam down on plaintiff's hand. The treadle was open and unguarded. It could have been—and after plaintiff's injury was—covered by a shield that required a deliberate insertion of the operator's foot under the shield and over the treadle. We hold this evidence warranted the Commission in finding plaintiff's employer failed to comply with the Factory Act. Compare Mabe v. Gille Mfg. Co., 219 Mo.App. 234, 271 S.W. 1023 [4–6], holding that Act applied to a punch

press activated by a foot treadle. It follows that plaintiff is entitled to the penalty award of 15 per cent of other allowable compensation.

 As a subpoint, defendants contend the Commission improperly considered the $804.13 medical allowance as compensation in computing the 15 per cent penalty. Section 287.120, subd. 4, reads: "Where the injury is caused by the failure of the employer to comply with any statute in this state, or any lawful order of the commission, the compensation and death benefit provided for under this chapter shall be increased fifteen per cent." Defendants argue that the cost of medical aid furnished plaintiff is not "compensation provided" by the Workmen's Compensation Act. The Act declares at § 287.140, subd. 1: "In addition to all other compensation, the employee shall receive and the employer shall provide . . . [medical treatment] . . ."

To construe this act we look first to the early case of Pruitt v. Harker, 328 Mo. 1200, 43 S.W.2d 769 [4, 5], where the court ruled: "This act should be liberally construed as to the persons to be benefited . . . And a doubt as to the right of compensation should be resolved in favor of the employee." The principle is firmly established in Missouri law; see the many cases annotated in 29A Missouri Digest, Workmen's Compensation, ⬯52, "Construction in favor of employee or beneficiary." Applying this principle we hold the $804.13 cost of medical aid furnished plaintiff was compensation provided him. That amount was properly considered in computing the 15 per cent penalty.

In summary, we hold (1) that the Commission erred in allowing the ten per cent additional allowance for total loss of use of plaintiff's whole hand; (2) erred in allowing him 25 per cent permanent-partial disability of his right forearm; (3) properly allowed plaintiff $2,000 for disfigurement and (4) properly allowed the 15 per cent penalty for failure to guard the press

brake, including therein that percentage of the cost of medical aid.

The judgment affirming the award is reversed and the cause is remanded to the circuit court with instructions to remand the cause to the Industrial Commission for further proceedings consistent with this opinion.

BRADY, C. J., and WEIER, J., concur.

